UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CHARLOTTE A. MCLARRIN** | : | **DOCKET NO.  07-1177** |
| **VS.** | : | **JUDGE JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On January 28, 2008, the undersigned issued an order which notified plaintiff that the court was considering dismissal because the case was over six months old and there was no return of service as to defendant.  (January 28, 2008, Notice of Intent to Dismiss).  Plaintiff was allotted 15 calendar days to perfect and file the return of service, or to provide good cause for her inability to do so.  *Id*.  As of today, there is no indication in the record that defendant has been served, nor has plaintiff explained to the court her failure to serve defendant.

## LAW AND ANALYSIS

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when, as here, service is not perfected within 120 days after suit is filed.  Fed.R.Civ.P. 4(m).  In the case *sub judice*, plaintiff neither provided any explanation for the improper service, nor requested an extension of time to properly perfect service.  Accordingly, good cause is lacking.[1]

---

[1] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990).  Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's suit be **DISMISSED**, without prejudice.   LR 41.3W, Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of March, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

1987)).